UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MARQUIS COLLIER,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/17/2021

No. 17-CR-644-3 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

On June 22, 2021, the Court sentenced the Defendant to a below-Guidelines sentence after he pled guilty to participating in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  The Pre-sentence Investigation Report provided Defendant with a total offense level of 42, and a criminal history category of VI, resulting in a guidelines sentence of 240 months for count one and 120 months for count two, to run consecutively. (ECF No. 404).  The Court sentenced Defendant to a below-Guidelines sentence of 204 months for count one, and 120 months for count two, for a total sentence of 324 months.  (ECF No. 399.)

The Court has received a letter from Defendant dated September 28, 2021 requesting clarification of the Court's sentence and a copy of the Court's Statement of Reasons.  (ECF No. 402.)  Specifically, Defendant is inquiring whether the Court took into consideration the Defendant's 43-month incarceration for a prior state conviction.  In his sentencing submission, Defendant requested the Court adjust his sentence based upon time-served for his previous convictions of criminal possession of a weapon in the third degree in violation of New York Penal Law § 265.02 and attempted criminal possession of a weapon in the third degree in violation of New York Penal Law §§ 110.10, 265.02.  Defendant averred that these prior convictions and sentences were related to crimes committed in support of the racketeering conspiracy, and

therefore Defendant requested a credit of 43 months for time-served pursuant to U.S.S.G. § 5G1.3(b)(1) and U.S.S.G. § 5K2.23.

As Defendant's previous sentences were already discharged at the time of his sentencing before this Court, this issue is not governed by U.S.S.G. § 5G1.3(b)(1), instead it is governed by U.S.S.G. § 5k2.23. Section 5k2.23 states "[a] downward departure *may be appropriate* if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of §5G1.3 . . . would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense." U.S.S.G. § 5k2.23 (emphasis added). Therefore, the Court had discretion to issue a downward departure for Defendant's previous time-served.

Though the Court did not explicitly articulate this detail in the Court's minutes, the Court considered policy statement Section 5k2.23 and Defendant's prior state terms of imprisonment in arriving at the below-Guidelines sentence of 324 months. As the Court imposed a below-Guidelines sentence, the Court did not credit the Defendant with the 43 months he previously spent incarcerated.

As there is no additional information on this issue within the Court's Statement of Reasons, Defendant's request is denied without prejudice.

Dated:   November 17, 2021                              SO ORDERED:
         White Plains, New York

                                                        _____
                                                        NELSON S. ROMÁN
                                                        United States District Judge